# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUARTERRIO TAYLOR, | ) |
| AIS #241953, | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-00127-JB-N |
| | ) |
| REOSHA BUTLER, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the undersigned on Petitioner Quarterrio Taylor's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Taylor, an Alabama prisoner proceeding pro se, certified that he delivered the petition to prison officials for mailing on March 15, 2022. (Doc. 1, PageID.12).[1] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the assigned judge to "promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

---

[1] The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/29/2022 electronic reference).

the clerk to notify the petitioner." Upon preliminary review, the undersigned finds that it plainly appears Taylor is not entitled to relief because, based on the information alleged, his petition is time-barred. Accordingly, the undersigned **RECOMMENDS** that Taylor's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**.

## I. *Statute of Limitations*

Because Taylor's habeas petition was filed after April 24, 1996, it is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g., Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012). AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Taylor's petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D).[2] Thus, Taylor ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Taylor challenges a criminal judgment handed down by the Circuit Court of Montgomery County, Alabama on December 16, 2016.[3] (Doc. 1, PageID.2). Based the information Taylor provides in his petition on the Court's form, he did not file any direct or postconviction appeal in state court. (*See* Doc. 1, PageID.3). Thus, Taylor's AEDPA clock began running on January 31, 2017—the day after his time lapsed under Alabama law to file a timely notice of appeal.[4] *See* Ala. R. App. P. 4(b)(1)

---

[2] Taylor argues that his claim is not time-barred because he is "not challenging his sentence or conviction on state laws"—instead, he is "challenging under federal and constitutional laws that did in fact run his custody afoul." (Doc. 1, PageID.11). This argument, however, is unavailing. A challenge to a state conviction on federal grounds—like the challenge currently brought by Taylor—is governed by § 2254. *See* 28 U.S.C. § 2254 (mandating that federal courts can entertain "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" (emphasis added)). The plain text of § 2244(d) makes clear that its time bar applies to all § 2254 petitions. *See also Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) ("[T]his court has explicitly held that the § 2244 statute of limitations applies to petitions governed by § 2254.").

[3] Because Taylor is incarcerated at G.K. Fountain Correctional Facility, which is located in this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his § 2254 petition, *see* 28 U.S.C. § 2241(d).

[4] Alabama Rule of Appellate Procedure 26 explains how this deadline is calculated:

> In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be

3

(stating that a criminal defendant has forty-two days from "the date of the entry of the judgment" to file notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). Taylor had until January 31, 2018, to file a federal habeas petition challenging his Montgomery County criminal judgment.

Taylor filed the subject § 2254 petition on March 15, 2022, the date he certifies he delivered it to prison officials for mailing—over four years after his AEDPA clock expired. Accordingly, Taylor filed his petition outside of AEDPA's statute of limitations.

The Eleventh Circuit Court of Appeals has held that a court may dismiss sua sponte a habeas petition as time-barred under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without first ordering a response from the state, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam), and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court

---

included. The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a document in an appellate court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days.

Ala. R. App. P. 26(a). Here, Taylor's last day to file a notice of appeal fell on Saturday, January 28, 2017, so he had until Monday, January 30, 2017 to appeal.

if it intend[s] to waive the timeliness defense." *Id.* at 655. Accordingly, the Court afforded Taylor until June 17, 2022, to file any briefing and supporting materials he deemed necessary showing cause why his habeas petition should not be dismissed as time-barred under § 2244(d)(1)(A) for the reasons explained above. The Court also gave Taylor notice that certain equitable exceptions may excuse an untimely habeas claim, setting out the following possible exceptions:[5] First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).
>
> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

---

[5] The Court also gave Respondent notice and an opportunity to respond pursuant to *Paez*. (*See* Doc. 4, PageID.29–30). Respondent has not filed any waiver to date.

5

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin* [*v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

Taylor failed to file any response to the Court's show cause order. As set out above, Taylor's petition is plainly time-barred and there is no apparent basis in the record to apply any equitable exceptions to excuse his untimely habeas claim. Accordingly, the undersigned **RECOMMENDS** that Taylor's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**.

## II. *Certificate of Appealability*

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Taylor should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas

petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing his petition as untimely.[6]

### III. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding. . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being

---

[6] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Taylor "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

8

convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As set out above, it is clear that Taylor's present habeas petition is time-barred. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Taylor in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal in forma pauperis.[7]

## IV. *Conclusion*

The undersigned's preliminary review of Taylor's § 2254 petition revealed that (1) it is time-barred under § 2244(d) and (2) no equitable exceptions apply to excuse its untimeliness. Accordingly, the undersigned recommends that Taylor's § 2254 petition (Doc. 1) be **DISMISSED with prejudice**. Further, the undersigned **RECOMMENDS** that Taylor be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by Taylor of the denial of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal in forma pauperis.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

---

[7] Should the Court accept the undersigned's recommendation that Taylor be denied leave to appeal in forma pauperis, the petitioner may file a motion to proceed on appeal in forma pauperis with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of July 2022.

>   */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**